**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> FREDERICK CLARK FRY, : <br> : <br> Defendant. : <br> : | Case No. 3:22-cr-87 <br><br> District Judge Michael J. Newman <br> Magistrate Judge Peter B. Silvain, Jr. |

**ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER (Doc. #26)**

This matter is before the Court on Defendant's Motion for Review of Detention Order ("Motion") (Doc. #26). The Motion was referred to the undersigned by District Judge Newman pursuant to Fed. R. Crim. P. 59(a) and Dayton General Order No. 22-01. (Doc. #27).

In the Motion, Defendant, who has pled guilty and is awaiting sentencing, requested that the Court review and amend the undersigned's order of detention pursuant to 18 U.S.C. § 3145(b) to allow Defendant to reside at his sister's home under home detention. (Doc. #26, *PageID* #76). According to counsel for Defendant, stable housing was not available to Defendant at the time of the initial detention hearing. *Id.* However, Defendant's sister has since indicated that she will allow Defendant to live with her and that she would ensure his compliance with any and all terms of home confinement imposed. *Id.*

The undersigned held a hearing on the Motion via GoToMeeting on November 9, 2022. Attorney Christina Mahy participated on behalf of the Government. Defendant was present at the hearing via video and was represented by Attorney Arthur Mullins. At the hearing, the

undersigned heard additional argument from Mr. Mullins as well as from Ms. Mahy, who opposed the Motion.

Once a criminal defendant pleads guilty and is "awaiting imposition or execution of sentence," the Court must detain the defendant unless it finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a)(1); *see* 18 U.S.C. § 3143(a)(2). The Court may also release a defendant pending sentencing "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010); *see also United States v. Cook*, 42 F. App'x 803, 803–04 (6th Cir. 2002).

In the instant case, the Court has carefully considered Defendant's Motion, the entire case record, and counsel's arguments. Here, for the reasons stated more particularly on the record, Section 3143(a) mandates continuing Defendant's detention because the clear and convincing evidence fails to show he "is not likely to flee or pose a danger to any other person or the community." *United States v. Allen*, No. 1:19-cr-647, 2021 WL 4060372, at *1 (N.D. Ohio Sept. 7, 2021).

Accordingly, Defendant's Motion (Doc. #26) is **DENIED**.

**IT IS SO ORDERED.**

November 10, 2022

s/*Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

2